# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

No. 14-50953

JEREMY REESE,

Plaintiff-Appellant

v.

UNKNOWN NAME, Doctor - Connally Unit; PRESIDENT BARACK OBAMA; UNKNOWN NAME, Lab Doctor - Connally Unit; CAPTAIN J. GARCIA, Connally Unit; R. MARTINEZ, Member of Classification - Connally Unit; S. PENA, Member of Classification - Connally Unit; ALL OFFICERS, Connally Unit; ALL  GRIEVANCE OFFICERS, Connally Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-507

Before   DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeremy Reese, Texas prisoner # 1670803, moves for leave to proceed in forma pauperis (IFP) on appeal.  He filed this 42 U.S.C. § 1983 action against President Barack Obama and various medical and prison personnel, some named and some unnamed, at the Connally Unit, alleging a denial of adequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50953

medical care, falsification of medical records, and negligence as to his health and safety because he was raped in prison. The district court ordered Reese to file an amended complaint identifying the complete names of the defendants, and, noting that his statement of claims was "unintelligible and unreadable," ordered Reese to identify the specific claim or claims he asserted against each defendant. Reese failed to comply with the district court's order to file an amended complaint, and the district court denied Reese's motion to proceed IFP and dismissed his complaint for failure to comply. Denying Reese's motion for leave to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith.

By moving to proceed IFP, Reese is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Reese does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Reese has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal.

No. 14-50953

*Id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Reese's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Reese that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Reese that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.